On petition to rehear,
Bkeemax, J.,
delivered the opinion of the court:
A petition for rehearing in this case has been filed on the part of the creditors, which we now dispose of, so far as deemed necessary to notice the same.
"We have re-examined the questions suggested in the petition, and deem it proper to strike, out of the opinion the remark made as to the statute of limitations of six years, as it is not a point on which the case was decided; nor was the question of seven years’ statute of any importance. Both were merely referred to arguendo in the opinion, and merely incidentally. We do this for the reasons given, not conceding the incorrectness of the statement made in the original opinion, as the authorities cited seem well to sus- _ tain it. The administrator failing to plead the statute of six years, they say the heir, when his land is sought to be subjected, may show the debt had been barred — that is, malee the same defense the administrator might have made as to the statute, of six years. M. & Y., 360. As to the act of 3 715, the seven years’ bar, there can be no question that the heir may avail himself of it. In both cases the rule rests on the, principle that there is no privity as between the administrator and the heir as to realty, and a debt established against the administrator is not conclusive against the heir. See cases cited in Woodfin v. Anderson, 2 Term. Ch. R., 339. We do not deem it necessary to conclusively decide this question, however, in this case. As to difficulty suggested of delay in recovering judgment against the administrator, and exhausting the personalty, we need but say that seven years is allowed against the real estate, and this, as said by the court in Martin & Yer., 360, is surely long enough. Suffice it to say, this is the law, and must be abided by till changed by the legislature. So far as the creditors being made parties by the original bill or amended bill is concerned, conceding they were, *478 so far as tibe administrator lias mad© them so, yet they were but parties to present in proper form and prove their claims, and they must do this, and file their claims regularly, as required, within the period prescribed by the statute of limitations, or else they will be barred. See 7 Hum., 76; 5 Sneed, 481-2.
The case, however, is well, and we think unquestionably decided on the main ground — which is, that when the debts were allowed by the master, upon such proof as he deemed sufficient, she was not a party, nor the party under whom she claims. She calls on them to prove their claims, as required by law, in her answer and cross-bill, and all parties go on for years, taking no steps to do so, and rely on the report of September, made in September, 1869, to sustain their claims on the hearing. This could not bind her in any way. It was too late to remedy all this on the hearing of the case, and so far as she is concerned, the claims wrere properly disallowed and could not charge her land. As a matter of course, this applies only to her and her interest, nothing being adjudged except on the exceptions filed by her on this subject.
Petition is dismissed.